UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---------------------------------------------------------------- x
CAITLIN HAYES et al., :
                                                   :
                         Plaintiffs,               :     **MEMORANDUM &**
                                                   :     **ORDER GRANTING**
                                                   :     **MOTIONS TO DISMISS**
          -against-                                :     **AND DENYING MOTION**
                                                   :     **FOR PRELIMINARY**
ALFRED CAMILLO et al.,                             :     **INJUNCTION**
                                                   :
                         Defendants.               :
---------------------------------------------------------------- x     3:25-CV-552 (VDO)

**VERNON D. OLIVER**, United States District Judge:

Caitlin Hayes ("Plaintiff" or "Ms. Hayes"), proceeding *pro se*, brings this action on behalf of herself and her minor children for alleged civil rights violations relating to her arrest and prosecution in state court against the Town of Greenwich (the "Town") and the following defendants in their individual and official capacities: Police Commissioner Alfred Camillo, Police Chief James Heavey, Detective Fred Quezada, Detective John King, Detective Sabrina Diaz, and Officer Salvatore Tramontano (collectively, the "Town Defendants"). This matter is before the Court on the following motions: **(1)** a motion to dismiss Plaintiff's Second Amended Complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), filed by all defendants except for Isidoro, who has not yet been served with process, and **(2)** a motion for preliminary injunction under Federal Rule of Civil Procedure 65(a), filed by Plaintiff. For the reasons stated herein, the motion to dismiss is **granted** and the motion for preliminary injunction is **denied as moot**.

I.    **BACKGROUND**

A.    **Factual Background[1]**

As alleged in the Second Amended Complaint, Ms. Hayes resides with her minor children and is an attorney licensed in the state of New York with an office in Port Chester, New York.[2] On April 18, 2023, Ms. Hayes's landlord removed her family's possessions from their dwelling and withheld them for 45 days.[3] Officer Tramontano and Detective Quezada were at the location during the seizure of Hayes's possessions.[4] Commissioner Camillo and Chief Heavey knew about the seizure and thereafter, failed to train or supervise the other defendants.[5] Defendants allegedly consented to the seizure of Plaintiff's possessions.[6]

On July 2, 2025, at the instructions of Lieutenant Isidoro, Ms. Hayes was arrested by officers from the Greenwich Police Department.[7] On that morning, Plaintiff attempted to file an employment complaint first at the Board of Education in Greenwich, and then, after Lieutenant Isidoro denied Ms. Hayes's filing, Ms. Hayes went to Human Resources in Greenwich Town Hall where a panic button was hit based on an unspecified false allegation.[8]

---

[1] Because Ms. Hayes was on notice that an amended complaint completely replaces an initial complaint, ECF No. 20, the Court limits its review to the allegations in the Second Amended Complaint, ECF No. 41. *McCullough v. Graves*, No. 24-506-CV, 2024 WL 4615821, at *1 (2d Cir. Oct. 30, 2024) (citing *In re Crysen/Montenay Energy Co.*, 226 F.3d 160, 162 (2d Cir. 2000)).

[2] ECF No. 41 ¶¶ 4–5.

[3] *Id.* ¶ 28.

[4] *Id.*

[5] *Id.*

[6] *Id.*

[7] ECF No. 41 ¶ 19.

[8] *Id.* ¶¶ 23, 24, 25.

A few hours later, Ms. Hayes was arrested based on an alleged false report by the director of the Greenwich Chamber of Commerce.[9]

### B.    Procedural History

In April 2025, this action was removed to federal court from the Superior Court for the Judicial District of Stamford.[10] After  motions to dismiss were filed under Federal Rule of Civil Procedure 12, Ms. Hayes moved to amend the complaint, which the Court granted.[11] The Court notified Ms. Hayes that the filing of an amended complaint completely replaces the initial complaint.[12] After motions to dismiss were filed again, Ms. Hayes moved to amend the complaint for a second time.[13] The Court granted Ms. Hayes's motion to amend the complaint over the defendants' objections.[14]

The Second Amended Complaint was filed on November 7, 2025.[15] The Complaint alleges the following causes of actions: (1) false arrest in violation of the Fourth Amendment, (2) retaliation in violation of the First Amendment, (3) illegal seizure of property in violation of the Fourth Amendment, and (4) deprivation of equal protect in violation of Connecticut General Statute § 52-571k.[16]

---

[9] *Id.* ¶ 26.

[10] ECF No. 1.

[11] ECF Nos. 14, 18, 20.

[12] ECF No. 20.

[13] ECF Nos. 29, 32, 34, 38.

[14] ECF Nos. 39, 40.

[15] ECF No. 41.

[16] *Id.*

All defendants except for Lieutenant Isidoro, who has not yet been served with process, timely moved to dismiss the complaint for failure to state a claim.[17] On December 29, 2025, Ms. Hayes belatedly filed her opposition memorandum.[18] A reply was filed on January 14, 2026.[19]

## II.    PRELIMINARY MATTERS

### A.    Additional Plaintiffs

The Court first concludes that the claims brought by Ms. Hayes on behalf of her minor children must be dismissed. "[A] parent not admitted to the bar cannot bring an action *pro se* in federal court on behalf of his or her child." *Tindall v. Poultney High Sch. Dist.*, 414 F.3d 281, 284 (2d Cir. 2005). *See Cheung v. Youth Orchestra Found. of Buffalo Inc.*, 906 F.2d 59, 61 (2d Cir. 1990). While Ms. Hayes is licensed to practice law in New York, she does not affirmatively show that she is an attorney admitted to practice in this Court, nor was Ms. Hayes granted *pro hac vice* admission. Thus, any claims that Ms. Hayes asserts on behalf of her children are dismissed. *McKenzie v. Chung*, No. 24-CV-6679, 2025 WL 1181707, at *2 n.1 (E.D.N.Y. Apr. 23, 2025) ("Plaintiff cannot bring claims on behalf of her daughter unless Plaintiff is an attorney admitted to practice in this Court."); *Robinson v. Admin. Child. Servs.*, No. 23-CV-1847, 2023 WL 2919518, at *1 (S.D.N.Y. Mar. 7, 2023) (similar).

---

[17] ECF No. 43.

[18] ECF No. 45.

[19] ECF No. 47.

### B.    Lieutenant Isidoro

Next, the Court concludes that Ms. Hayes's claims against Lieutenant Isidoro must be dismissed because Ms. Hayes failed to timely effect service and has not shown good cause for that failure.

A plaintiff must serve a complaint and summons "within 90 days after the complaint is filed." Fed. R. Civ. P. 4(m). Rule 4(m) further provides that a court may dismiss an action without prejudice if a defendant is not timely served with process:

> the court —on motion or on its own after notice to the plaintiff —must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

*Id.* District courts may extend the deadline under Rule 4(m) in the absence of good cause. *Buon v. Spindler*, 65 F.4th 64, 75 (2d Cir. 2023) (citing *Zapata v. City of New York*, 502 F.3d 192, 196 (2d Cit. 2007)).

In filing the Second Amended Complaint, Ms. Hayes purported to join Lieutenant Isidoro as a defendant. The Court warned Ms. Hayes that the claims against Lieutenant Isidoro were subject to dismissal if Plaintiff did not serve Lieutenant Isidoro and file proof of service by February 5, 2026. Despite the Court's warning that her claims could be dismissed for failure to timely serve Isidoro and to file proof of service on the docket, Plaintiff failed to effect service of process. On February 6, 2026, Plaintiff belatedly filed proof of service of the amended complaint on Isidoro, but that document did not purport to show that the summons was served on Isidoro, as required by Rule 4(m).[20] On February 10, 2026, the Court ordered Plaintiff to file proof of proper service or to show good cause for the failure to comply by February 12,

---

[20] ECF No. 48 at 6.

2026, explaining that a plaintiff is required to serve a defendant with the summons and complaint.[21] To date, Plaintiff has failed to comply and in fact, Plaintiff has not even requested a summons as to Lieutenant Isidoro. Plaintiff cannot show good cause, as she "was aware of (a) the consequences of failing to comply with the court's orders and (b) the opportunities [she] had to communicate with the court to ensure [her] compliance and thus, potentially, to stave off those consequences." *Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (affirming dismissal of *pro se* plaintiff's complaint under Rule 4(m)). Thus, considering an extension to the deadline to serve Isidoro is unwarranted, any claims that Ms. Hayes asserts against Isidoro are dismissed without prejudice.

## III.    **MOTION TO DISMISS UNDER RULE 12(B)(6)**

### A.    **Legal Standard**

A party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6). "In order to survive a motion to dismiss under Rule 12(b)(6), a complaint must allege a plausible set of facts sufficient 'to raise a right to relief above the speculative level.'" *Operating Loc. 649 Annuity Tr. Fund v. Smith Barney Fund Mgmt. LLC*, 595 F.3d 86, 91 (2d Cir. 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

When considering a Rule 12(b)(6) motion, "a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents

---

[21] ECF No. 49.

incorporated by reference in the complaint." *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010). "Even where a document is not incorporated by reference, the court may nevertheless consider it where the complaint 'relies heavily upon its terms and effect,' which renders the document 'integral' to the complaint." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002) (cleaned up). "[T]he court must accept the material facts alleged in the complaint as true, draw all reasonable inferences in favor of the plaintiffs, and decide whether it is plausible that plaintiffs have a valid claim for relief." *Leonard v. Gen. Motors L.L.C.*, 504 F. Supp. 3d 73, 83 (D. Conn. 2020).

Ordinarily, documents filed *pro se* must be liberally construed and interpreted "to make 'the strongest arguments that they suggest.'" *Wiggins v. Griffin*, 86 F.4th 987, 996 (2d Cir. 2023) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007). "Even in a *pro se* case, however, 'although a court must accept as true all of the allegations contained in a complaint, that tenet is inapplicable to legal conclusions, and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (quoting *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir.2009)). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013) (cleaned up). The solicitude afforded to a *pro se* litigant is diminished where that litigant is a licensed attorney. *Cox v. Dep't of Just.*, 111 F.4th 198, 207 (2d Cir. 2024) (collecting cases showing an attorney "does not receive the special solicitude typically owed *pro se* litigants")

### B.    Discussion

As discussed below, the Court dismisses all federal claims brought under Section 1983 and declines to exercise supplemental jurisdiction over any state law claims.

#### 1.    Federal Claims

##### a.    Commissioner Camillo, Chief Heavey, Detective Quezada, Detective King, and Detective Diaz

###### i.    Official Capacity Claims

All claims against Police Commissioner Camillo, Chief Heavey, Detective Quezada, Detective King, Detective Diaz in their official capacities must be dismissed, as the Town of Greenwich is a defendant in this case.  "An official capacity suit against a public servant is treated as one against the government entity itself." *Reynolds v. Guiliani*, 506 F.3d 183, 191 (2d Cir. 2007). "As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Therefore, considering that Ms. Hayes is bringing claims against police officers in their official capacities and the municipality that employs them, the official capacity claims are dismissed as duplicative. *Davis v. Stratton*, 360 F. App'x 182, 183 (2d Cir. 2001) ("[I]n a suit against a public entity, naming officials of the public entity in their official capacities add[s] nothing to the suit."); *Quinn v. Gould*, No. 19-CV-820 (VAB), 2020 WL 1234553, at *5 (D. Conn. Mar. 13, 2020) (collecting cases)

###### ii.    Individual Capacity Claims

All claims against Police Commissioner Camillo, Chief Heavey, Detective Quezada, Detective King, Detective Diaz in their individual capacities must be dismissed, as Plaintiff

fails to plausibly plead that these individuals were personally involved with any constitutional violation. Moreover, Plaintiff has not pleaded any plausible facts to establish the elements supporting violations of the First and Fourth Amendments.

Section 1983 imposes liability on a "person" who, under color of law, deprives another "of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983. "'To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law.'" *Buon v. Spindler*, 65 F.4th 64, 78 (2d Cir. 2023) (quoting *Feingold v. New York*, 366 F.3d 138, 159 (2d Cir. 2004)). Section 1983 "does not create a federal right or benefit; it simply provides a mechanism for enforcing a right or benefit established elsewhere." *Morris–Hayes v. Bd. of Educ. of Chester Union Free Sch. Dist.*, 423 F.3d 153, 159 (2d Cir. 2005) (citation omitted). "If a defendant has not *personally* violated a plaintiff's constitutional rights, the plaintiff cannot succeed on a § 1983 action against the defendant." *Raspardo v. Carlone*, 770 F.3d 97, 115 (2d Cir. 2014); *McKinnon v. Patterson*, 568 F.2d 930, 934 (2d Cir.1977) ("In this Circuit personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.").

Ms. Hayes's claims that her First and Fourth Amendment rights were violated by the Town Defendants arises out of the following events: (1)  On April 17, 2023, a criminal proceeding against Plaintiff was commenced by the Town Defendants and private parties,[22] (2) On April 18, 2023, Plaintiff's possessions were removed from her family's dwelling by her

---

[22] ECF No. 41 ¶ 4

landlords in furtherance of a conspiracy involving the Town Defendants,[23] and (3) On July 2, 2025, Plaintiff was arrested by Lieutenant Isidoro in relation to her exercising her right to free speech.[24]

First, regarding the April 2023 criminal proceeding, Plaintiff has not adequately alleged that these five individual defendants were personally involved. The Complaint includes conclusory allegations that the defendants "have deprived plaintiffs of equal access to the law for over 2 years since they illegally and unconstitutionally commenced a criminal proceeding on April 17, 2023 in conspiracy with private parties, who even reported crimes as to between each other, all brushed  under the rug by a politically and financially motivated unchecked paramilitary force left  untrained or unsupervised by the Town of Greenwich, the Police Commissioner Fred  Camillo and Police Chief Heavy."[25] There are no allegations regarding the individual defendant's actions, knowledge of, or responsibility for the criminal proceeding, much less supporting Plaintiff's claim of a conspiracy involving the Town Defendants.

Second, regarding the April 2023 seizure of property, Plaintiff has similarly failed to allege a sufficient basis to show that these five individual defendants were personally involved. Notably, the allegations fail to show any of these defendants, **as opposed to an unrelated third party**, was involved with the August 2023 seizure. The entirety of plaintiff's factual allegations against the named defendants are that Detective Diaz "[took] a report and request for intervention on May 25, 2023"; that Detective Diaz was at the location during the unlawful

---

[23] *Id.* ¶ 28.

[24] *Id.* ¶ 20.

[25] ECF No. 41 ¶ 4.

seizure **by the landlords**; that Officer Tramontano was "at the location after said illegal seizure"; and that "Camillo and Heavey allegedly had constructive knowledge at the time of the unlawful seizure."[26] But these allegations do not show "a tangible connection between the acts of the defendant and the injuries suffered." *Bass v. Jackson*, 790 F.2d 26, 263 (2d Cir. 1986). Moreover, Plaintiff has failed to plausibly allege that these individual defendants engaged in a conspiracy. To withstand a motion to dismiss, a plaintiff must plausibly allege that "(1) an agreement between a state actor and a private party; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages." *Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 324–25 (2d Cir. 2002). Ms. Hayes's general allegations—that some individual defendants were either at the location during the seizure or that they knew about the seizure—do not plausibly show that any of the individual defendants had a "meeting of the minds" with her landlords. *Gallop v. Cheney*, 642 F.3d 364, 369 (2d Cir.2011) (dismissing conspiracy claim as "baseless" where the plaintiff offered not a single fact to corroborate her allegation of a "meeting of the minds" among the conspirators (cleaned up)).

Finally, regarding the July 2025 arrest, Plaintiff has again failed to allege a sufficient basis to plausibly show that Police Commissioner Camillo, Chief Heavey, Detective Quezada, Detective King, Detective Diaz were personally involved. A police officer is personally involved in an arrest if the officer directly participates or if the officer indirectly participates by "ordering or helping others to do the unlawful acts." *Provost v. City of Newburgh*, 262 F.3d 146, 155 (2d Cir. 2001). But there are no allegations that any of the individual defendants were

---

[26] *Id.* ¶ 28.

present at Plaintiff's arrest or that they directed another, Lieutenant Isidoro, to arrest Plaintiff. Rather, Plaintiff merely alleges in a conclusory manner that Heavy and Camillo "knew that Defendant Lieutenant Isidoro did not have probable cause or any other lawful basis to arrest Plaintiff."[27] Such conclusory allegations are insufficient to assert a false arrest claim against police officials. *See Pierce v. Town of Simsbury*, No. 20-CV-1766 (VAB), 2022 WL 4291389, at *5 (D. Conn. 2022) (dismissing claim against police chief where there were no allegations that he was present at the scene of the incident, prepared a report related to the incident, had a reasonable opportunity to intervene, or had any other interaction with the plaintiffs).

To the extent that Ms. Hayes does allege the personal involvement of the individual defendant, Plaintiff's claims of violations the First and Fourth Amendments must be dismissed because Plaintiff has not plausibly pleaded the elements of these claims. As to Plaintiff's retaliation claim under the First Amendment, Plaintiff has not shown that any of the defendant's actions were motivated or substantially caused by the exercise of a protected interest.[28] Nor has Plaintiff alleged facts showing that her arrest was without probable cause.[29]

Therefore, all claims against the Police Commissioner Camillo, Chief Heavey, Detective Quezada, Detective King, Detective Diaz in their individual capacities are dismissed as not plausible.

---

[27] ECF No. 41 ¶ 21.

[28] "Generally, the analysis of a First Amendment retaliation claim entails determining whether the plaintiff has shown that: (1) an interest protected by the First Amendment exists; (2) the defendants' actions were motivated or substantially caused by the plaintiff's exercise of that right; and (3) the defendants' actions effectively chilled (prevented from recurring) the plaintiff's exercise of that right." *Parsons v. Funchion*, No. 21-CV-1340 (VDO), 2024 WL 2862291, at *4 (D. Conn. June 6, 2024) (citing *Connell v. Signoracci*, 153 F.3d 74, 79 (2d Cir. 1998)).

[29] "[A] false arrest claim cannot lie when the challenged arrest was supported by probable cause." *Russo v. City of Bridgeport*, 479 F.3d 196, 203 (2d Cir. 2007).

b.      **Town of Greenwich**

Ms. Hayes's municipal liability claim against the Town must be dismissed, as she has failed to state a claim for a violation of an underlying federal constitutional or statutory right. *Segal v. City of New York*, 459 F.3d 207, 219 (2d Cir.2006) ("*Monell* does not provide a separate cause of action for the failure by the government to train its employees; it extends liability to a municipal organization where that organization's failure to train, or the policies or customs that it has sanctioned, led to an independent constitutional violation."); *Meehan v. Kenville*, 555 F. App'x 116, 117 (2d Cir. 2014) (affirming dismissal because of "failure to plausibly allege that any constitutional violation resulted from a custom, policy or practice of the municipality"). Even if Plaintiff plausibly pleaded an underlying right, as explained below, Plaintiff still fails to state a Section 1983 claim against the Town because she fails to allege a municipal policy, practice, or custom that caused the alleged unconstitutional misconduct.

While a municipality may be liable as a "person" under § 1983 for being "responsible for a deprivation of rights protected by the Constitution," a municipality cannot be held liable "*solely* because it employs a tortfeasor[.]" *Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 690–91 (1978). Instead, it may be sued under § 1983 "when execution of [the local] government's policy or custom . . . inflicts the injury[.]" *Id*. at 694. In the Second Circuit, a plaintiff bringing a *Monell* claim against a municipality must establish: "(1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right." *Wray v. City of New York*, 490 F.3d 189, 195 (2d Cir. 2007) (quoting *Batista v. Rodriguez*, 702 F.2d 393, 397 (2d Cir.1983)). A plaintiff satisfies the first element by showing one of the following: "(1) a formal policy officially endorsed by the municipality; (2) actions or decisions made by municipal officials with decision-making authority; (3) a practice so persistent and

widespread that it constitutes a custom of which policymakers must have been aware; or (4) a failure by policymakers to properly train or supervise their subordinates, such that the policymakers exercised 'deliberate indifference' to the rights of the plaintiff and others encountering those subordinates." *McLennon v. City of New York*, 171 F. Supp. 3d 69, 94 (E.D.N.Y. 2016) (collecting cases).

Hayes alleges that the Town of Greenwich engaged in a pattern of conduct and retaliation through, for example, commencing a criminal proceeding on April 17, 2023 and allegedly retaliating against Hayes for her protected speech by arresting her in July 2025.[30] But such conclusory allegations do not plausibly show a policy, practice, or custom sufficient to state a *Monell* claim. "*Monell*'s policy or custom requirement is satisfied where a local government is faced with a pattern of misconduct and does nothing, compelling the conclusion that the local government has acquiesced in or tacitly authorized its subordinates' unlawful actions." *Reynolds v. Giuliani*, 506 F.3d 183, 192 (2d Cir. 2007). Considering the barebones allegations in the Second Amended Complaint, Plaintiff has failed to allege "facts tending to support, at least circumstantially, such an inference." *Montero v. City of Yonkers*, 890 F.3d 386, 403 (2d Cir. 2018) (citing *Dwares v. City of New York,* 985 F.2d 94, 100 (2d Cir. 1993)). The allegations against individual defendants here do not save the *Monell* claim from dismissal because "a custom or policy cannot be shown by pointing to a single instance of unconstitutional conduct by a mere employee of the [Town]." *Newton v. City of New York*, 566 F. Supp. 2d 256, 271 (S.D.N.Y. 2008).

---

[30] ECF No. 41 at 4.

While Ms. Hayes vaguely alleges that police officers have been untrained or unsupervised,[31] that does not sufficiently support a deliberate indifference claim under any theory. First, under a failure to train theory, a municipality may incur liability "when city policymakers are on actual or constructive notice that a particular omission in their training program causes city employees to violate citizens' constitutional rights[.]" *Connick v. Thompson*, 563 U.S. 51, 61 (2011). A plaintiff must identify a "specific deficiency in the [town's] training program," *Amnesty Am. v. Town of West Hartford*, 361 F.3d 113, 129 (2d Cir. 2004), and a "*pattern* of similar constitutional violations by untrained employees." *Connick*, 563 U.S. at 62 (emphasis added). Second, under a failure to supervise theory, a plaintiff establishes deliberate indifference when "the need for more or better supervision to protect against constitutional violations was obvious." *Vann v. City of New York*, 72 F.3d 1040, 1049 (2d Cir. 1995) (citing *City of Canton v. Harris*, 489 U.S. 378, 390 (1989)). A plaintiff may plead "(1) that there was a pattern of allegations or complaints about similar unconstitutional activity and (2) that the municipality *consistently failed to investigate* those allegations" or "(1) that there was a pattern of actual similar constitutional violations and (2) the municipality *consistently failed to discipline* those involved." *Pettiford v. City of Yonkers*, No. 14-CV-6271, 2021 WL 2556172, at *9 (S.D.N.Y. 2021) (citing *Tieman v. City of Newburgh*, No. 13-CV-4178, 2015 WL 1379652, at *21 (S.D.N.Y. Mar. 26, 2015)). Ms. Hayes falls short of plausibly identifying a deficiency with any training program or plausibly showing that there was a pattern of any constitutional violations, as she only alleges facts supporting isolated incidents.

---

[31] *Id.* at 4.

Therefore, Plaintiff's *Monell* claim is dismissed as not plausible.

### 2.    State Law Claims

Having dismissed all federal claims, the Court declines to exercise supplemental jurisdiction over the remaining state law causes of action. *Kolari v. N.Y.-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("[A] district court may decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction." (cleaned up)).

### C.    Leave to Amend

While leave to amend a complaint should be freely granted "when justice so requires," Fed. R. Civ. P. 15(a)(2), "motions to amend should generally be denied in instances of futility, undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, or undue prejudice to the non-moving party." *Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 126 (2d Cir. 2008). The Second Circuit has cautioned that a *pro se* plaintiff should be provided the opportunity to "amend his complaint prior to its dismissal for failure to state a claim, unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." *Gomez v. USAA Fed. Savings Bank*, 171 F.3d 794, 796 (2d Cir. 1999). Moreover, under Federal Rule of Civil Procedure 16(b)(4), a party must show good cause to amend a pleading "if the motion is filed after the deadline imposed by the district court in its scheduling order." *Werking v. Andrews*, 526 F. App'x 94, 96 (2d Cir. 2013). Good cause is found where the moving party has demonstrated diligence and the amendment would not significantly prejudice the non-moving party. *Id.*

Ms. Hayes already had an opportunity to amend the complaint with full knowledge of Defendants' myriad arguments in favor of dismissal. And because Ms. Hayes did not file

another motion for leave to amend or propose a third amended complaint, leave to amend is **denied**. *Murphy Med. Assocs., LLC v. Yale Univ.*, 120 F.4th 1107, 1114 (2d Cir. 2024); *Gallop*, 642 F. at 369. Alternatively, leave to amend is denied for lack of good cause because Ms. Hayes has not shown justification for any additional request to amend the complaint and thus, the Court finds that diligence is absent.

IV.    <u>**CONCLUSION**</u>

For the reasons stated above, the motion to dismiss is **granted**. All claims against defendants other than Lieutenant Isidoro are **dismissed with prejudice** under Federal Rule of Civil Procedure 12(b)(6). All claims against Lieutenant Isidoro are dismissed without prejudice under Federal Rule of Civil Procedure 4(m). As there are no remaining claims, the motion for a preliminary injunction is **denied as moot**.

The Clerk of Court is respectfully directed to enter judgment and to close the case

**SO ORDERED.**

Hartford, Connecticut
February 18, 2026

<u>/s/Vernon D. Oliver</u>
VERNON D. OLIVER
United States District Judge